IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JESUS MANUEL RODRIGUEZ- ) <br> MORALES, ) <br> ) <br> Defendant. ) | Case No. 8:07CR142 <br><br> ORDER |

This case came before the Court on August 7, 2007 on the Defendant's Motion to Sever Counts (#14). Nancy Svoboda, Assistant United States Attorney, represented the United States of America.  Jeffrey Thomas, Assistant Federal Public Defender, represented the Defendant, who was present.

Rodriquez-Morales is charged in a two-count Indictment alleging in Count I, the Possession with Intent to Distribute less than 500 grams of cocaine, and in Count II, that he is an illegal alien who has illegally re-entered the United States after conviction on an aggravated felony.  He argues that the two charges are improperly joined under Federal Rule of Criminal Procedure 8 and that even if properly joined, such joinder is prejudicial, that it outweighs the interest of judicial economy and efficiency under Rule 14.  Rodriquez-Morales requests that the court sever the counts in the Indictment and order separate trials.

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of offenses and provides "the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or

both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

Joinder of offenses is permitted when the individual charges are logically related and there is overlapping proof.  Joinder is proper, if:

1. The offenses are the same or of similar character, occur over a period of time, and there is overlapping evidence, or

2. The offenses are based on the same acts or transactions, or

3. The offenses are based on two or more acts connected by common scheme.

In this case the government has failed to satisfy any of these requirements.  Aside from the government's argument that the two alleged crimes were contemporaneously detected and that it would not have been possible for Rodriquez-Morales to have committed the narcotics offense in Count I without actually being present illegally in the United States as alleged in Count II, no other relevant facts are proffered by the government.  In this case, Counts I and II are substantially different, Count I, the narcotics offense, and Count II, the illegal re-entry count, are not sufficiently related to allow joinder under Rule 8(a).

While it may have been impossible for Rodriquez-Morales to have committed the narcotics offense without actually being present in the United States, these facts do not meet the Government's burden to establish at least one of the requirements of Rule 8(a).  The Government's position, if adopted, would almost universally allow the joinder of the charge of being an illegal alien who has illegally re-entered the United States after

conviction on an aggravated felony, with any other criminal charge allegedly committed by a defendant while in the jurisdiction of the United States of America.

Clearly, Rule 8(a) favors joinder.  However, it favors joinder only when the requirements of the rule have been satisfied.  Based upon the facts of this case, the Government has failed to establish the existence of any of the requirements set out in the rule.

**IT IS ORDERED:**

1.  That the Defendant's Motion to Sever Counts (#14) is granted.  The Court orders that Counts I and II be severed in the Indictment and that separate trials are ordered on each count.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  See NECrimR 57.2(d).

Dated this 8th day of August 2007.

BY THE COURT:

s/ F. A. Gossett
United States Magistrate Judge